**In re Earl M. HERRING.**

No. 04–06–00872–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 31, 2007.

Kimberly S. Keller, The Keller Law Firm, San Antonio, Jose J. Ruiz, Maribel Flores, Ruiz & Associates, Eagle Pass, Marcel C. Notzon, III, The Notzon Law Firm, Laredo, for appellee.

Oscar O. Pena, Laredo, for appellee.

Shirley Hale Mathis, Law Office of Shirley Hale Mathis, P.C., Laredo, for Ad Litem.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

ment on his failure to testify because it is not dispositive to this appeal. TEX.R.APP. P. 47.1.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

In this mandamus proceeding, Earl M. Herring contends the trial court abused its discretion by modifying temporary custody of his five-year-old daughter A.M. without meeting the statutory requirements. We conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

Herring and Imelda P. Barrientos were named joint managing conservators of A.M. in July 2002. Herring subsequently filed a modification suit, seeking the right to designate A.M.'s primary residence and to restrict Barrientos's access to A.M. Under temporary orders entered in January 2006, Barrientos and Herring alternated custody of A.M. weekly. Then, in May 2006 A.M. made outcries against Barrientos to a Child Protective Services (CPS) caseworker and to a court-appointed social worker. The trial court entered temporary orders limiting Barrientos's access to A.M. to supervised visitation every other Saturday and Sunday at three-hour intervals.

The modification suit was tried to a jury in October 2006. The jury returned a verdict that no material and substantial change in circumstances had occurred. Nevertheless, the trial court did not enter judgment immediately. Herring moved for judgment notwithstanding the verdict. Barrientos moved for entry of judgment.

On December 7, 2006, Herring and Barrientos appeared before the trial court. The trial court informed them that the pending post-trial motions would be heard on January 9, 2007. Then the trial court issued a new temporary order requiring A.M. to live with Barrientos from December 20, 2006 until further order of the court. Under the new temporary order, Herring's access to A.M. was limited to weekend visits. Herring moved for reconsideration of the temporary order in the trial court without success.

### MANDAMUS STANDARD OF REVIEW

This court is authorized to issue mandamus relief to correct a clear abuse of discretion for which relator has no other adequate remedy. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Because temporary orders in suits affecting the parent-child relationship are not appealable, a petition for a writ of mandamus is an appropriate means to challenge them. *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex.1991); *In re Pensom*, 126 S.W.3d 251, 257 (Tex.App.-San Antonio 2003, orig. proceeding).

### APPLICABLE LAW

Generally, while a suit for modification is pending, a trial court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the child's primary residence under the final order. TEX. FAM.CODE ANN. § 156.006 (Vernon Supp.2006). However, the trial court may enter such an order when necessary because the child's present circumstances would significantly impair the child's physical health or emotional development. *Id.* In a suit affecting the parent-child relationship, the trial court may make a temporary order for the safety and welfare of the child, including an order modifying a prior temporary order. TEX. FAM.CODE ANN. § 105.001(a) (Vernon Supp. 2006). Certain temporary orders may not be rendered except after notice and hearing, including orders for the temporary conservatorship of the child. TEX. FAM. CODE ANN. § 105.001(a), (b), (h) (Vernon Supp.2006).

## DISCUSSION

■ Herring argues the trial court's *sua sponte* modification of its prior temporary order, without notice or hearing, constitutes an abuse of discretion. Moreover, Herring contends the trial court abused its discretion by modifying the current temporary order in a way that did not protect A.M.'s safety and welfare but placed her in clear and imminent danger. On the other hand, Barrientos asserts the trial court did not abuse its discretion because it had inherent power to issue the temporary order and the jury had already considered A.M.'s safety and welfare.

Because the challenged order is an order modifying a prior temporary order, § 105.001 of the Texas Family Code applies. *See* TEX. FAM.CODE ANN. § 105.001(a) (Vernon Supp.2006); *Morse v. Baker–Olsen*, 929 S.W.2d 659, 661–62 (Tex. App.-Houston [14th Dist.] 1996, orig. proceeding) (section 105.001 applies to temporary orders entered during the pendency of a modification suit). Under § 105.001, Herring was entitled to notice and an adversary hearing before the entry of a new temporary order modifying custody of A.M. *See* TEX. FAM.CODE ANN. § 105.001(a), (b), (h); *see also* TEX. FAM.CODE ANN. § 105.003 (Vernon 2006) ("Except as otherwise provided by this title, proceedings shall be as in civil cases generally.") Here, according to the trial court's order setting hearing, the only matter set for December 7, 2006 was the motion for entry of judgment. Barrientos did not file and serve on Herring any pleading asking the court to give her temporary custody. Plus, the trial court's new temporary order was not prompted by any emergency. We conclude the trial court's failure to provide Herring notice prior to issuing a new temporary custody order was a clear abuse of discretion.

■ Herring further contends the trial court clearly abused its discretion because the new temporary order was not for A.M.'s safety and welfare. We agree. In a suit affecting the parent-child relationship, the court may make temporary orders "for the safety and welfare of the child." TEX. FAM.CODE ANN. § 105.001(a) (Vernon Supp.2006). The limited record before us shows that the criminal and CPS investigations against Barrientos arising from A.M.'s outcries were still pending when the trial court issued its new temporary order. Both Herring and Barrientos should have had the opportunity to present evidence about the status of these investigations before the issuance of a new temporary order. Under these circumstances, the trial court failed to show due regard for A.M.'s safety and welfare. *See In re Vernor*, 94 S.W.3d 201, 210 (Tex.App.-Austin 2002, orig. proceeding) (concluding trial court abused its discretion in imposing temporary orders without due regard for the stability of the child's current living situation).

For these reasons, we conclude the temporary order signed by the trial court on December 8, 2006 is a clear abuse of discretion. Accordingly, we conditionally grant Herring's petition for a writ of mandamus. Barrientos's request for sanctions and attorney's fees is denied. The Honorable Jesus Garza is ordered to vacate his December 8, 2006 temporary order in the underlying cause. The writ will issue only if Judge Garza fails to do so within ten days of the date of this opinion.

PHYLIS J. SPEEDLIN, J., dissents without opinion.