*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-11-00641-CV

**IN RE** Michelle **CHESTER**

Original Mandamus Proceeding[1]

Opinion by:    Marialyn Barnard, Justice
Concurring Opinion by:  Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  October 12, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On September 1, 2011, relator Michelle Chester filed a petition for writ of mandamus, complaining the trial court abused its discretion in modifying the existing temporary orders in a modification of a suit affecting the parent-child relationship without notice and a hearing.  We agree and conditionally grant the petition for writ of mandamus.

## BACKGROUND

In April of 2009, an agreed order for grandparent access was entered giving paternal grandmother Arabela Teltschick access to K.R.A., the child the subject of the suit.  In October of 2009, Nicole Perez, mother of K.R.A., was arrested for driving while intoxicated while K.R.A.

---

[1] This proceeding arises out of Cause No. 2008-CI-09633, styled *In the Interest of K.R.A., A Minor Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding.  However, the order complained of was signed by the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar County, Texas, who is the respondent.

was in the vehicle. Shortly thereafter, Arabela filed a petition to modify the parent-child relationship in the same cause number as the grandparent access suit. Judge Karen Pozza granted a temporary restraining order for the protection of the child, and, pending further temporary orders, appointed Arabela and Nicole temporary joint managing conservators of the child, with Arabela having the exclusive right to designate the primary residence of the child. In January of 2010, the trial court held a temporary orders hearing, at which maternal grandmother Margaret Perez and paternal aunt Michelle Chester intervened in the suit. Nicole verbally objected to Michelle's intervention based on standing, but Judge Arteaga found that Michelle had standing to intervene. At the hearing, Judge Arteaga appointed Nicole, Margaret, and Michelle as joint temporary managing conservators, with Michelle having the exclusive right to designate the primary residence of K.R.A. and Nicole was given supervised visitation with the child. On March 3, 2010, Judge Arteaga signed temporary orders providing the same. K.R.A. remained living with Michelle until August 30, 2011.

On January 8, 2010, Nicole filed a motion to strike Michelle's plea in intervention, which again was denied by Judge Arteaga. More than a year later, in February of 2011, Nicole filed a petition for writ of mandamus in this court, challenging Michelle's standing. *See In re Perez*, Cause No. 04-11-00134-CV, 2011 WL 1900385 (Tex. App.—San Antonio May 11, 2011, orig. proceeding [mand. denied]) (mem. op.). While the petition was pending in this court, Judge Arteaga determined Michelle lacked standing and set aside her previous order denying Nicole's motion to strike Michelle's plea in intervention. However, Judge Arteaga vacated the order two days after signing it. This court subsequently denied the mandamus. *Id.* Nicole then sought the same relief in the Texas Supreme Court, which was also subsequently denied. *Id.*

On July 19, 2011, Nicole filed a Motion for Reconsideration of Motion to Strike Plea in Intervention in the trial court, once again challenging Michelle's standing. This was the only motion set before the trial court at the hearing scheduled on August 30, 2011. Nicole, Margaret, and Michelle attended the hearing, but the record does not reflect whether Arabela was in attendance. Prior to considering Nicole's motion for reconsideration, Judge Arteaga informed the parties that she was considering *sua sponte* whether to modify the temporary orders. Judge Arteaga told the parties: "This is actually my motion for temporary orders and would you agree or disagree that at any time the Court can modify, change in any way - - rearrange the temporary orders that are now in place?" Judge Arteaga further provided: "And, respectfully, nobody knew what I was thinking, nobody knew what I was going to be doing, but here are my concerns. . . ." Michelle's counsel objected to the lack of notice regarding a modification of the temporary orders. Nicole and Michelle were called to the stand and questioned by Judge Arteaga, but neither was questioned by either party's counsel.

At the conclusion of the hearing, Judge Arteaga did not rule on Nicole's motion to reconsider the motion to strike the plea in intervention for which the hearing was originally set. Instead, Judge Arteaga modified the March 2010 temporary orders by revoking Michelle's right to designate the primary residence of the child, giving Margaret, whom Nicole lives with, such right, and ordering that K.R.A. be immediately picked up at her elementary school in Austin and taken back to San Antonio without contact with Michelle. The order did not grant Michelle any visitation rights with K.R.A. Michelle requested a stay of the temporary orders pending the filing of a petition for writ of mandamus in this court, which Judge Arteaga denied. This petition was subsequently filed along with a motion for emergency stay, which was granted by this court.

**ANALYSIS**

## I.    Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. Because temporary orders in suits affecting the parent-child relationship are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding); *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding).

## II.    Notice

In this proceeding, Michelle contends the trial court abused its discretion by *sua sponte* modifying the March 2010 temporary orders without notice and a hearing. Because of the lack of notice, Michelle asserts a full adversary hearing was not conducted allowing Michelle to present any evidence that could be considered when making a determination as to an appropriate order for the safety and welfare of the child or any evidence to rebut Nicole's testimony in response to Judge Arteaga's questioning. *Id.*

In a suit affecting the parent-child relationship, the trial court may make a temporary order for the safety and welfare of the child, including an order modifying a prior temporary order. TEX. FAM. CODE ANN. § 105.001(a) (West 2008). A temporary order for the

conservatorship of the child may not be rendered without notice and a hearing. TEX. FAM. CODE ANN. § 105.001(a), (b), (h); *Herring*, 221 S.W.3d at 730.

The challenged order in the underlying proceeding is an order modifying a prior temporary order. *See* TEX. FAM. CODE ANN. § 105.001(a). Therefore, Michelle was entitled to notice and an adversary hearing before the entry of a new temporary order modifying the custody of K.R.A. *See* TEX. FAM. CODE ANN. § 105.001(a), (b), (h); *Herring*, 221 S.W.3d at 730. The parties agree that the only motion set for the hearing on August 30, 2011 was the reconsideration of the motion to strike Michelle's plea in intervention. Nicole did not file and serve on Michelle any pleading asking the court to give her temporary custody. Also, there is nothing in the record suggesting the new temporary order was prompted by an emergency.

However, Nicole and Judge Arteaga each contend in their responses to this court that because Michelle's motion for reconsideration of the motion to strike Michelle's plea in intervention was set for a hearing, Michelle was on notice that the temporary orders could be modified, and, therefore, she should have been prepared for such a hearing. However, notice of the motion for reconsideration of the motion to strike Michelle's plea in intervention did not confer on Michelle notice of the modification of temporary orders. First, the motion to reconsider was not ruled on at the hearing; therefore, there was no immediate reason to enter new temporary orders removing K.R.A. from Michelle's home. Also, even if the trial court had granted the motion for reconsideration and struck Michelle's plea in intervention, she would not be testifying or seeking any relief in the form of a modified temporary order because she would no longer be a party to the case. Therefore, she would have no reason to object to the lack of notice. Based on the foregoing, we do not find merit to Nicole and Judge Arteaga's argument that by virtue of the motion to reconsider the motion to strike Michelle's intervention pending

before the trial court that Michelle was on notice that a modification of the temporary orders was before the trial court.

Judge Arteaga further contends Michelle failed to preserve her complaint because her conclusory and general statement that she needed more time and would like to call witnesses was insufficient to put the trial court in the position of having adequate facts to address relator's complaint. However, the record clearly reveals Michelle objected to the lack of notice and hearing regarding the temporary orders. When Judge Arteaga first informed the parties she would be considering *sua sponte* whether to modify the temporary orders, Michelle's counsel responded, "Judge, there's no motion for temporary orders on file. We have no notice and that would be a very real violation to my client's right to due process - - to conduct a temporary orders hearing today. . . . There's nothing in there about temporary orders. We're not ready for that. . . .We are not prepared to proceed on that today." Counsel later reiterated, "We are not ready. We have received no notice. We have no witnesses." Clearly, the record reveals Michelle objected to the lack of notice and a proper hearing regarding the modification of temporary orders.

Finally, Judge Arteaga contends Michelle was afforded the opportunity to present evidence, and chose not to. However, without having notice that the existing temporary orders would be modified, Michelle was clearly not prepared to present such evidence regarding the safety and welfare of the child and to rebut Nicole's testimony in response to Judge Arteaga's questions. *See* TEX. FAM. CODE ANN. § 105.001(a), (b).

As a result of the foregoing, we conclude the trial court abused its discretion in failing to provide Michelle with notice prior to modifying the existing temporary orders. *See* TEX. FAM.

CODE ANN. § 105.001(a), (b), (h); *Herring*, 221 S.W.3d at 730.  Accordingly, we do not find it necessary to address Michelle's remaining issues presented to this court.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in modifying the existing temporary orders without notice and a hearing.  Accordingly, we conditionally grant the petition for writ of mandamus.  The trial court is ordered to withdraw the August 30, 2011 order modifying the existing temporary orders.  The writ will issue only if the trial court fails to comply within fourteen days.

Marialyn Barnard, Justice