

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00334-CV

**IN RE** Jamie **BRICE**

Original Mandamus Proceeding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: August 7, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, Relator J.B. (Mom) seeks a petition for writ of mandamus to direct Respondent, the Honorable Ron Carr, to grant her plea to the jurisdiction and dismiss a SAPCR filed by Real Party in Interest P.S. (Step-Mom).

Because Step-Mom failed to show that she has standing under section 102.003 of the Family Code, we will conditionally grant the petition for writ of mandamus.

### BACKGROUND

When Mom was married to R.S. (Dad), she gave birth to two children. After Mom and Dad divorced, Dad married P.S., who became the children's step-mother. Following a motor vehicle accident, Dad died on January 31, 2019.

---

[1] This proceeding arises out of Cause No. 2019-3513-DC, styled *In the Interest of K.M.S. and B.D.S., Children*, pending in the 38th Judicial District Court, Real County, Texas, the Honorable Ron Carr presiding.

On March 15, 2019, Step-Mom filed an original petition in a suit affecting the parent-child relationship (SAPCR) seeking possession of, and access to, the two children. In her original petition, Step-Mom alleged she and Dad married on December 15, 2014, and, since that date, she "actively and consistently participated in the children's lives, attending various school and extracurricular activities, spending a significant amount of time with the children both with and without their father's presence."

Mom filed a plea to the jurisdiction arguing Step-Mom did not have standing, and the trial court held a hearing on the plea.

At the hearing,[2] Step-Mom testified the children had their own bedroom and bathroom in her house, and their own clothes, beds, toys, and bicycles. On the weekends that Dad had visitation, either Step-Mom or Dad would pick the children up from school on Friday and bring them to her house where she, Dad, and the children would have dinner. The children spent their visitation weekends (the first, third, and fifth weekends)[3] with Step-Mom and Dad beginning on December 15, 2014. Step-Mom and Dad briefly separated in January and February 2018 during which time Dad lived at his mother's house and the children visited with Dad there. Visitation resumed with Step-Mom and Dad from April 2018 to January 31, 2019, the date of Dad's death.

Mom testified that on some of Dad's weekends, Dad would pick up the children from school and take them to his mother's house and visit with them there. During the summer, Dad would sometimes pick up the children a few days earlier than the Friday of his visitation weekend.

The trial court denied Mom's plea to the jurisdiction and signed temporary orders granting Step-Mom possession of, and access to, the children.

---

[2] At the time of the hearing, the oldest child was twelve years old, and the other was eight years old.
[3] According to Mom, the divorce decree specifies visitation as every other weekend.

On May 21, 2019, Mom filed a petition for writ of mandamus and an emergency motion to stay the temporary orders. After we stayed the temporary orders, Step-Mom filed a response, Mom filed a reply, and Step-Mom filed a sur-response.

Having considered the petition, response, reply, and sur-response, we conclude Mom is entitled to the requested relief because Step-Mom lacks standing.

## STANDING

"The question of who has standing to bring an original suit affecting the parent-child relationship . . . is a threshold issue." *In re Y.B.*, 300 S.W.3d 1, 4 (Tex. App.—San Antonio 2009, pet. denied); *accord Jasek v. Tex. Dep't of Family & Protective Servs.*, 348 S.W.3d 523, 527 (Tex. App.—Austin 2011, no pet.). "'Without standing, a court lacks subject matter jurisdiction' over the case, and the merits of the plaintiff's claims thus cannot be litigated or decided." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018) (quoting *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005)).

"[S]tanding to bring a SAPCR is governed by statute . . . ." *Id.* "[A] party bringing a SAPCR must plead and establish standing under the [F]amily [C]ode's provisions." *In re I.I.G.T.*, 412 S.W.3d 803, 806 (Tex. App.—Dallas 2013, no pet.) (citing *In re M.K.S.-V.*, 301 S.W.3d 460, 464 (Tex. App.—Dallas 2009, pet. denied)).

## A.    Standing by Actual Care, Control, Possession

A person has standing under section 102.003(a)(9) to bring a SAPCR if "a person, other than a foster parent, . . . has had actual care, control, and possession of the child for at least six months ending not more than 90 days preceding the date of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(9). "The purpose of section 102.003(a)(9) is to create standing for those who have developed and maintained a relationship with a child over time." *In re A.C.F.H.*, 373 S.W.3d 148, 150 (Tex. App.—San Antonio 2012, no pet.).

**B.      Standing by Residing with Child**

A person has standing under section 102.003(a)(11) to bring a SAPCR if the child and the parent "have resided" with the person "for at least six months ending not more than 90 days preceding the date of the filing of the petition if the [children's] . . . parent is deceased at the time of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(11). "Subsection (a)(11) was designed as a 'stepparent' statute, affording standing to a stepparent who has helped raise a child and the stepparent's spouse (the child's parent) dies." *In re Lankford*, 501 S.W.3d 681, 689–90 (Tex. App.—Tyler 2016, orig. proceeding). The phrase "have resided" in section 102.003(a)(11) means "living together in the same household." *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001).

**C.      Child's Principal Residence**

"'In computing the time necessary for standing' under [either subsection (a)(9) or (a)(11)], courts 'shall consider the child's *principal residence* during the relevant time.'" *In re H.S.*, 550 S.W.3d at 156 (quoting TEX. FAM. CODE ANN. § 102.003(b) (emphasis added)). "Courts should determine a child's principal residence by looking at the following factors: (1) whether the child has a fixed place of abode within the possession of the party, (2) occupied or intended to be occupied consistently over a substantial period of time, and (3) which is permanent rather than temporary." *In re Kelso*, 266 S.W.3d 586, 590 (Tex. App.—Fort Worth 2008, no pet.) (citing *In re M.P.B.*, 257 S.W.3d 804, 809 (Tex. App.—Dallas 2008, no pet.)); *Doncer v. Dickerson*, 81 S.W.3d 349, 361 (Tex. App.—El Paso 2002, no pet.).

**D.      Evidentiary Burden, Evaluation**

The plaintiff has the burden to allege facts demonstrating standing. *See Jasek*, 348 S.W.3d at 528; *In re Y.B.*, 300 S.W.3d at 4. "In evaluating standing, we construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *In re H.S.*, 550

S.W.3d at 155; *accord Jasek*, 348 S.W.3d at 528. "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004); *accord Y.B.*, 300 S.W.3d at 4. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228; *accord In re Y.B.*, 300 S.W.3d at 4.

**E.     Standard of Review**

"Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*." *Miranda*, 133 S.W.3d at 226; *see In re H.S.*, 550 S.W.3d at 155. "Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law." *Miranda*, 133 S.W.3d at 226; *accord In re Y.B.*, 300 S.W.3d at 4.

DISCUSSION

**A.     Step-Mom's Arguments**

In her original petition, Step-Mom claimed standing under Family Code section 102.003(a)(11). *See* TEX. FAM. CODE ANN. § 102.003(a)(11). In her response to Mom's petition for writ of mandamus, Step-Mom asserts the record shows she was asserting standing under section 102.003(a)(9). *See id.* § 102.003(a)(9). Step-Mom contends that because Mom did not challenge Step-Mom's standing under subsection (a)(9), Mom's petition must be denied.

Alternatively, Step-Mom asserts she produced evidence of her standing under either subsection (a)(9) or subsection (a)(11). *See id.* § 102.003(a)(9), (a)(11).

**B.        Mom's Arguments**

Although Mom argues that Step-Mom pled standing under subsection 102.003(a)(11), the focus of Mom's argument is whether Step-Mom established a fact question under subsection 102.003(b).  *See id.* § 102.003(b).

**C.        Dispositive Question**

We disagree with Step-Mom's first contention that we should deny Mom's petition because Mom did not challenge Step-Mom's standing under subsection (a)(9).  Instead, because Mom raised a challenge under subsection (b), and subsection (b) addresses the time computation analysis for subsections (a)(9) and (a)(11), we consider subsection (b)'s time computation analysis that is based on the child's principal residence.  *See id.* (requiring the six-month time computation to "consider the child's principal residence during the relevant time"); *In re H.S.*, 550 S.W.3d at 156.

**D.        Step-Mom's Burden**

To meet her burden to allege facts demonstrating standing under the Family Code, Step-Mom had to produce evidence that her home was the children's principal residence in which they lived for at least six months before she filed her petition.  *See* TEX. FAM. CODE ANN. § 102.003(a)(9), (a)(11), (b); *Jasek*, 348 S.W.3d at 528; *In re Y.B.*, 300 S.W.3d at 4.  We accept Step-Mom's evidence as true, but we also consider other relevant evidence.  *See In re H.S.*, 550 S.W.3d at 155; *Jasek*, 348 S.W.3d at 528.

Step-Mom argues that Dad's home had a fixed place for the children to sleep, it was permanent rather than temporary, and the children visited mostly every other weekend.  *Cf. In re L.F.*, No. 02-17-00310-CV, 2017 WL 4684025, at *2–3 (Tex. App.—Fort Worth Oct. 19, 2017, orig. proceeding) (mem. op.) (relating another step-mom's similar facts and arguments).

### E.	Principal Residence Requirements Not Met

When Step-Mom was asked where the children lived, she acknowledged that they lived in Leakey—which is where Mom lives. Step-Mom produced no evidence that the children's *principal residence* was in her home for the statutorily required period. *Contra In re M.P.B.*, 257 S.W.3d at 809 (concluding that Grandmother met the six-month time requirement because "there were at least six months when [the child]'s principal residence was Grandmother's home"). Step-Mom's testimony that the children "had their own rooms, clothes, bed, bicycles, etc. at [Dad and Step-Mom's] residence" and the children lived there on alternating weekends was no evidence that her home was the children's principal residence.

Step-Mom's testimony is no evidence that she met "the time necessary for standing under Subsections (a)(9) [or] (a)(11)" as required by section 102.003(b). *See* TEX. FAM. CODE ANN. § 102.003(b); *In re H.S.*, 550 S.W.3d at 156; *In re L.F.*, 2017 WL 4684025, at *3 (concluding, in a subsection (a)(11) case, that even though the children had their own bedrooms in step-mother's home, she "fail[ed] to demonstrate that the children 'have resided [at her home in these rooms] for at least six months ending not more than 90 days preceding the date of the filing of the petition.'" (second alteration in original)); *In re M.P.B.*, 257 S.W.3d at 809.

Because Step-Mom failed to allege facts demonstrating standing under section 102.003, the trial court lacked subject matter jurisdiction over Step-Mom's SAPCR, and the trial court erred by denying Mom's plea to the jurisdiction.

### CONCLUSION

"Due to the unique and compelling circumstances presented in a SAPCR action, . . . mandamus relief is . . . an appropriate remedy for an order denying a motion to dismiss for lack of standing in a SAPCR action." *In re Martin*, 523 S.W.3d 165, 169 (Tex. App.—Dallas 2017, orig. proceeding); *see In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig.

proceeding) ("Because temporary orders in suits affecting the parent-child relationship are not appealable, a petition for a writ of mandamus is an appropriate means to challenge them.").

Accordingly, we conditionally grant Mom's petition for writ of mandamus and order the trial court to (1) vacate its May 17, 2019 "Order Denying Respondent's Plea to the Jurisdiction"; (2) vacate its May 17, 2019 "Temporary Orders in Suit Affecting the Parent-Child Relationship"; (3) render an order granting "Respondent's Plea to the Jurisdiction" and dismissing for want of jurisdiction Step-Mom's original petition in her suit affecting the parent-child relationship.

The writ will issue only if the trial court fails to comply this order within fifteen days from the date of this opinion and order.

Patricia O. Alvarez, Justice