**Opinion filed September 25, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00198-CV

_____

## IN THE INTEREST OF B.P. AND B.P., CHILDREN

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV 20-01-036**

### M E M O R A N D U M   O P I N I O N

In this suit affecting the parent–child relationship, the mother of the children has filed a pro se notice of appeal from the trial court's Temporary Order Following Show Cause Hearing. In that order, the trial court appointed the Department of Family and Protective Services as the temporary managing conservator of the children. We dismiss the appeal.

On August 25, 2020, when this appeal was docketed, the clerk of this court wrote Appellant and informed her that it did not appear that the order from which she was attempting to appeal was a final, appealable order. We requested that

Appellant respond and show grounds to continue the appeal. We also informed Appellant that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3. In response, Appellant simply sent this court another copy of the trial court's temporary order.

A temporary order made for the safety and welfare of a child, including an order for the temporary conservatorship of the child, is not a final, appealable order and is "not subject to interlocutory appeal." TEX. FAM. CODE ANN. § 105.001(a)(1), (e) (West 2019). A court of appeals does not have jurisdiction to entertain an appeal from an interlocutory temporary order regarding conservatorship. *See id.*; *Saavedra v. Schmidt*, 96 S.W.3d 533, 536 (Tex. App.—Austin 2002, no pet.); *see also Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991); *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding) (stating that a petition for writ of mandamus is an appropriate means to challenge a temporary order issued in a suit affecting the parent–child relationship). Because Appellant attempts to appeal an interlocutory temporary order regarding conservatorship, we must dismiss her appeal for want of jurisdiction. *See Saavedra*, 96 S.W.3d at 536; *see also* TEX. R. APP. P. 42.3(a).

Consequently, we dismiss this appeal for want of jurisdiction.

PER CURIAM

September 25, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.