

# NUMBER 13-21-00257-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE NINA YZETT PARODI

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Longoria[1]

Relator Nina Yzett Parodi filed a petition for writ of mandamus requesting this Court to: (1) stay the trial court's temporary orders; (2) instruct the trial court to dismiss the underlying case; and (3) assess attorney's fees in her favor. *See* TEX. FAM. CODE ANN. § 156.102 (establishing the statutory requirements to modify the exclusive right to determine the primary residence of a minor child under certain specified circumstances);

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*id.* § 156.006(b) (limiting the trial court's ability to issue temporary orders in a suit for modification unless the statutory requirements are met).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that "(1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it acts with disregard for guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *In re Garza*, 544 S.W.3d at 840. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding); *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Because a temporary order in a suit affecting the parent-child relationship is not subject to appeal, mandamus may be an appropriate remedy when a trial court abuses its discretion in issuing a temporary order. *See, e.g.*, *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding) (per curiam); *In re H.R.L.*, 458 S.W.3d 23, 32 (Tex. App.—El Paso 2014, orig. proceeding); *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding); *In re Lewin*, 149 S.W.3d 727, 734 (Tex. App.—

2

Austin 2004, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Eloy Peralez, and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
19th day of October, 2021.