**Opinion filed August 1, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00193-CV

_____

# IN THE INTEREST OF S.P., J.B.P., AND L.R.P., CHILDREN

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C49295**

### M E M O R A N D U M   O P I N I O N

In a suit affecting the parent-child relationship, the father of the children has filed a pro se notice of appeal from the trial court's temporary orders. We dismiss the appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that the order from which he was attempting to appeal was a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal, and we informed Appellant that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3. We also requested that Appellee respond regarding Appellant's notice of appeal from the trial court's temporary orders. Appellant has responded but has not shown grounds to continue this appeal

or that will allow us to proceed. Appellee has responded and agrees that the order that Appellant attempts to appeal is an interlocutory order over which we do not have jurisdiction.

In a suit affecting the parent-child relationship, temporary orders before the final order are not considered final, appealable orders and are "not subject to interlocutory appeal." TEX. FAM. CODE ANN. § 105.001(e) (West Supp. 2023); *In re Office of Att'y General*, 257 S.W.3d 695, 698 (Tex. 2008). A court of appeals does not have jurisdiction to entertain an appeal from interlocutory temporary orders. *See* FAM. 105.001(e); *Saavedra v. Schmidt*, 96 S.W.3d 533, 536 (Tex. App.—Austin 2002, no pet.); *Perkins v. Perkins*, No. 03-21-00135-CV, 2021 WL 2816008, at *1 (Tex. App.—Austin July 7, 2021, pet. denied) (the appellant may not circumvent the legislature's clear intention to prohibit an interlocutory appeal of temporary orders in a suit affecting the parent-child relationship by casting it as a temporary injunction under Section 51.014 of the Civil Practice and Remedies Code); *see also Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991); *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding) (stating that a petition for writ of mandamus is an appropriate means to challenge a temporary order issued in a suit affecting the parent–child relationship). Because Appellant attempts to appeal an interlocutory temporary order, we must dismiss his appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Perkins*, 2021 WL 2816008, at *1–2.

Consequently, we dismiss this appeal for want of jurisdiction.


PER CURIAM


August 1, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.