

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00361-CV

**IN RE** Faith **RAMIREZ**

Original Mandamus Proceeding[1]

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Luz Elena D. Chapa, Justice
            Beth Watkins, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: August 14, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The underlying case is a contentious child custody suit. Relator is the children's mother, Faith Ramirez, and the real party in interest is the children's father, Patrick Lopez. In the underlying proceeding, the trial court (1) indefinitely terminated Ramirez's possessory access to the children; (2) indefinitely terminated Lopez's child support obligations; (3) issued a writ of attachment to take possession of the children; and (4) appointed the amicus attorney the "educational surrogate and medical consenter" for the children. Ramirez filed a petition for writ of mandamus. No responses were filed. We conditionally grant the petition for writ of mandamus.

---

[1] This proceeding arises out of Cause No. 2020-CI-00887, styled *In the Interest of D.L. and L.L*, pending in the 408th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

## BACKGROUND

Ramirez and Lopez are the parents of the two children subject to the underlying case. On January 15, 2020, Lopez filed an Original Suit Affecting the Parent Child Relationship ("SAPCR"). There have been numerous hearings and orders entered in the SAPCR. On March 27, 2024, the trial court heard a motion for temporary orders, and on May 10, 2024, the trial court held a hearing on the motion to enter the written temporary orders resulting from the March 27, 2024 hearing and a status conference. At the May 10, 2024 hearing, the trial court indefinitely terminated Ramirez's possessory access to the children and Lopez's child support obligations. Later that day, the trial court issued a Writ of Attachment for law enforcement to physically remove the children from Ramirez's possession and present them to Lopez. On May 17, 2024—with one day's notice— the trial court held a hearing on the motion to enter Modified Interim Orders. On May 21, 2024, Ramirez filed a petition for writ of mandamus in this court.

## STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must show the trial court committed a clear abuse of discretion and the relator has no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (citation omitted). Because temporary orders in suits affecting the parent-child relationship are not appealable, a petition for a writ of mandamus is an appropriate means to challenge them. *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, no pet.).

## NOTICE

In her first issue, Ramirez asserts the trial court failed to give her notice and a meaningful opportunity for an adversarial hearing before indefinitely removing the children from her

possession and suspending Lopez's child support obligations. At the conclusion of the May 10, 2024 hearing, the trial court orally rendered an order that the children be exclusively in Lopez's possession and that his child support obligations be suspended. In its May 17, 2024 Modified Interim Orders, the trial court provided, in relevant part:

> **IT IS ORDERED** that Patrick E. Lopez shall have the exclusive right to possession of the children at all times that are not specifically designated as periods of possession for Faith Ramirez in this Temporary Order, beginning May 10, 2024 at 3:00 p.m.
>
> **\* \* \***
>
> **IT IS ORDERED** that the child support obligation of Patrick Lopez is suspended as of May 1, 2024.

A trial court "may make a temporary order for the safety and welfare of the child, including an order modifying a prior temporary order" in a suit affecting the parent-child relationship. TEX. FAM. CODE § 105.001(a). However, except in situations not applicable here, a modification of a temporary order regarding the temporary conservatorship of a child or temporary support of a child generally may not be rendered except after notice and hearing. *Id.* § 105.001(a)(1)–(2), (b); *Herring*, 221 S.W.3d at 731.

In *Herring*, this court determined the trial court abused its discretion by failing to give notice and an adversary hearing before modifying custody of the child. *Id*. Similarly, here, the trial court failed to provide Ramirez notice of a hearing modifying her possessory rights to the children and a full adversarial hearing prior to granting Lopez the exclusive right to possession of the children. The May 10, 2024 hearing was noticed as (1) a motion to enter the May 10, 2024 temporary orders—the written orders resulting from the March 27, 2024 hearing—and (2) a status hearing regarding both parent's court-ordered services with the Family Violence Prevention Program. Ramirez was never provided notice that this hearing was to modify the temporary orders

or could result in the indefinite removal of her possessory rights to the children and suspension of child support obligations.

Additionally, at the hearing, the trial court only authorized Ramirez, Lopez, and the amicus attorney ten minutes each to question witnesses. No exhibits were admitted—likely, it appears from the record, because the parties were not prepared for an evidentiary hearing absent notice of one. To underscore the lack of notice, at that same May 10, 2024 hearing, the trial court both entered written temporary orders granting Ramirez possession of the children—a hearing for which Ramirez had notice and announced ready—and orally granted a modification of those same temporary orders, resulting in the indefinite removal of the children from Ramirez's possession— a hearing for which Ramirez had no notice and made no announcement.

We hold the trial court clearly abused its discretion by failing to provide proper notice of the modification hearing before indefinitely removing the children from Ramirez's possession and terminating Lopez's child support obligations. *See In re Herring*, 221 S.W.3d 729, 731 (Tex. App.—San Antonio 2007, no pet.); TEX. FAM. CODE § 105.001(a), (b); *see also* TEX. R. CIV. P. 21(b) (generally requiring three days' notice for hearings).

### WRIT OF ATTACHMENT

In her second issue, Ramirez argues the trial court abused its discretion by issuing a writ of attachment taking possession of the children. On May 10, 2024, the trial court sua sponte issued a writ of attachment removing the children from Ramirez's possession. In its order, the trial court concluded there is now and will continue to be a substantial risk of immediate physical or mental harm to the children if the children remain in Ramirez's possession. However, the trial court did not recite any facts upon which this conclusion was based. *See* TEX. FAM. CODE § 152.311(c)(1) (requiring warrant to take physical custody of child to "recite the facts upon which a conclusion of imminent serious physical harm or removal from the jurisdiction is based"). Moreover, we cannot

discern from the record any facts upon which the conclusion is based. We hold the trial court clearly abused its discretion by failing to comply with the statutory requirements to issue a warrant to take physical custody of the children. *See Walker*, 827 S.W.2d at 839–40 (failure to apply law constitutes abuse of discretion); TEX. FAM. CODE § 152.311(c)(1).

### ROLE OF AMICUS ATTORNEY

In her third issue, Ramirez argues the trial court abused its discretion in granting the children's amicus attorney a role beyond the statutory authorization for amicus attorneys. As a basis for her argument, Ramirez cites to a line in the trial court's March 27, 2024 judge's notes based on a hearing occurring that day that states the children's amicus attorney "is appt'd as education surrogate + medical consent." The mandamus record contains a copy of the temporary orders entered pursuant to the March 27, 2024 hearing. With respect to this issue, the temporary orders provide (the "Amicus Decretal Paragraph"):

> **IT IS FOUND** that neither parent has acted in the children's best interest with regards to education, medical, or mental health needs, **THEREFORE IT IS ORDERED** that Lisa Duke, Amicus Attorney shall be appointed as the educational surrogate and medical consenter for the children, until further order of the Court.

Amicus attorneys are appointed by the court in a suit to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child. TEX. FAM. CODE § 107.001(1). As opposed to attorneys ad litem, who represent the child, amicus attorneys are "appointed specifically to assist the court." *O'Connor v. O'Connor*, 245 S.W.3d 511, 515 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The Texas Family Code sets forth the duties and responsibilities of an amicus attorney in detail. *See* TEX. FAM. CODE § 107.003, .005. The statutorily-enumerated duties and responsibilities do not require, allow, or authorize an amicus attorney to make educational and medical decisions for the children—children whom they expressly do not provide legal services by statute. *See* TEX. FAM. CODE § 107.003, .005.

We hold the trial court abused its discretion in conferring on the amicus attorney the rights to make educational and medical decisions by expanding the amicus attorney's authority beyond the statutory text. *In re Collins*, 242 S.W.3d 837, 846–48 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (concluding trial court lacked basis for expanding amicus attorney's authority); TEX. FAM. CODE § 107.003, .005.

## CONCLUSION

For these reasons, we conclude the trial court abused its discretion by (1) failing to provide proper notice of the modification hearing; (2) issuing the May 10, 2024 Order Issuing Writ of Attachment; and (3) including the Amicus Decretal Paragraph in the May 10, 2024 temporary orders. We further conclude relator has no adequate remedy by appeal. We conditionally grant the petition for writ of mandamus and direct the trial court to, no later than fifteen days from the date of this opinion, vacate the (1) May 17, 2024 Modified Interim Orders and all orally rendered orders made during the May 10, 2024 hearing; (2) May 10, 2024 Order Issuing Writ of Attachment; and (3) Amicus Decretal Paragraph from the May 10, 2024 Temporary Orders. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

Lori I. Valenzuela, Justice