**In re Michelle CHESTER.**

**No. 04–11–00641–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 12, 2011.

Richard R. Orsinger, Amber M. Liddell Alwais, McCurley, Orsinger, McCurley, Nelson & Downing, L.L.P., San Antonio,

TX, Stephen Orsinger, Dallas, TX, for Appellant.

Alfredo Ortiz, Jason Cruz, Attorney at Law, San Antonio, TX, for Appellee.

Sitting: CATHERINE STONE, Chief Justice, SANDEE BRYAN MARION, Justice, MARIALYN BARNARD, Justice.

## OPINION

Opinion by: MARIALYN BARNARD, Justice.

On September 1, 2011, relator Michelle Chester filed a petition for writ of mandamus, complaining the trial court abused its discretion in modifying the existing temporary orders in a modification of a suit affecting the parent-child relationship without notice and a hearing. We agree and conditionally grant the petition for writ of mandamus.

## BACKGROUND

In April of 2009, an agreed order for grandparent access was entered giving paternal grandmother Arabela Teltschick access to K.R.A., the child the subject of the suit. In October of 2009, Nicole Perez, mother of K.R.A., was arrested for driving while intoxicated while K.R.A. was in the vehicle. Shortly thereafter, Arabela filed a petition to modify the parent-child relationship in the same cause number as the grandparent access suit. Judge Karen Pozza granted a temporary restraining order for the protection of the child, and, pending further temporary orders, appointed Arabela and Nicole temporary joint managing conservators of the child, with Arabela having the exclusive right to designate the primary residence of the child. In January of 2010, the trial court held a temporary orders hearing, at which maternal grandmother Margaret Perez and paternal aunt Michelle Chester intervened in the suit. Nicole verbally objected to Michelle's intervention based on standing, but Judge Arteaga found that Michelle had standing to intervene. At the hearing, Judge Arteaga appointed Nicole, Margaret, and Michelle as joint temporary managing conservators, with Michelle having the exclusive right to designate the primary residence of K.R.A. and Nicole was given supervised visitation with the child. On March 3, 2010, Judge Arteaga signed temporary orders providing the same. K.R.A. remained living with Michelle until August 30, 2011.

On January 8, 2010, Nicole filed a motion to strike Michelle's plea in intervention, which again was denied by Judge Arteaga. More than a year later, in February of 2011, Nicole filed a petition for writ of mandamus in this court, challenging Michelle's standing. *See In re Perez*, Cause No. 04–11–00134–CV, 2011 WL 1900385 (Tex.App.-San Antonio May 11, 2011, orig. proceeding [mand. denied]) (mem. op.). While the petition was pending in this court, Judge Arteaga determined Michelle lacked standing and set aside her previous order denying Nicole's motion to strike Michelle's plea in intervention. However, Judge Arteaga vacated the order two days after signing it. This court subsequently denied the mandamus. *Id.* Nicole then sought the same relief in the Texas Supreme Court, which was also subsequently denied. *Id.*

On July 19, 2011, Nicole filed a Motion for Reconsideration of Motion to Strike Plea in Intervention in the trial court, once again challenging Michelle's standing. This was the only motion set before the trial court at the hearing scheduled on August 30, 2011. Nicole, Margaret, and Michelle attended the hearing, but the record does not reflect whether Arabela was in attendance. Prior to considering Nicole's motion for reconsideration, Judge Arteaga informed the parties that she was

considering *sua sponte* whether to modify the temporary orders. Judge Arteaga told the parties: "This is actually my motion for temporary orders and would you agree or disagree that at any time the Court can modify, change in any way—rearrange the temporary orders that are now in place?" Judge Arteaga further provided: "And, respectfully, nobody knew what I was thinking, nobody knew what I was going to be doing, but here are my concerns...." Michelle's counsel objected to the lack of notice regarding a modification of the temporary orders. Nicole and Michelle were called to the stand and questioned by Judge Arteaga, but neither was questioned by either party's counsel.

At the conclusion of the hearing, Judge Arteaga did not rule on Nicole's motion to reconsider the motion to strike the plea in intervention for which the hearing was originally set. Instead, Judge Arteaga modified the March 2010 temporary orders by revoking Michelle's right to designate the primary residence of the child, giving Margaret, whom Nicole lives with, such right, and ordering that K.R.A. be immediately picked up at her elementary school in Austin and taken back to San Antonio without contact with Michelle. The order did not grant Michelle any visitation rights with K.R.A. Michelle requested a stay of the temporary orders pending the filing of a petition for writ of mandamus in this court, which Judge Arteaga denied. This petition was subsequently filed along with a motion for emergency stay, which was granted by this court.

### ANALYSIS

### I.  Standard of Review

■ Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex.2004) (orig. proceed-

ing); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. Because temporary orders in suits affecting the parent-child relationship are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding); *In re Herring*, 221 S.W.3d 729, 730 (Tex.App.-San Antonio 2007, orig. proceeding).

### II.  Notice

■ In this proceeding, Michelle contends the trial court abused its discretion by *sua sponte* modifying the March 2010 temporary orders without notice and a hearing. Because of the lack of notice, Michelle asserts a full adversary hearing was not conducted allowing Michelle to present any evidence that could be considered when making a determination as to an appropriate order for the safety and welfare of the child or any evidence to rebut Nicole's testimony in response to Judge Arteaga's questioning. *Id.*

In a suit affecting the parent-child relationship, the trial court may make a temporary order for the safety and welfare of the child, including an order modifying a prior temporary order. Tex. Fam.Code Ann. § 105.001(a) (West 2008). A temporary order for the conservatorship of the child may not be rendered without notice and a hearing. Tex. Fam.Code Ann. § 105.001(a), (b), (h); *Herring*, 221 S.W.3d at 730.

The challenged order in the underlying proceeding is an order modifying a prior temporary order. *See* Tex. Fam.Code Ann.

§ 105.001(a). Therefore, Michelle was entitled to notice and an adversary hearing before the entry of a new temporary order modifying the custody of K.R.A. *See* TEX. FAM.CODE ANN. § 105.001(a), (b), (h); *Herring*, 221 S.W.3d at 730. The parties agree that the only motion set for the hearing on August 30, 2011 was the reconsideration of the motion to strike Michelle's plea in intervention. Nicole did not file and serve on Michelle any pleading asking the court to give her temporary custody. Also, there is nothing in the record suggesting the new temporary order was prompted by an emergency.

■ However, Nicole and Judge Arteaga each contend in their responses to this court that because Michelle's motion for reconsideration of the motion to strike Michelle's plea in intervention was set for a hearing, Michelle was on notice that the temporary orders could be modified, and, therefore, she should have been prepared for such a hearing. However, notice of the motion for reconsideration of the motion to strike Michelle's plea in intervention did not confer on Michelle notice of the modification of temporary orders. First, the motion to reconsider was not ruled on at the hearing; therefore, there was no immediate reason to enter new temporary orders removing K.R.A. from Michelle's home. Also, even if the trial court had granted the motion for reconsideration and struck Michelle's plea in intervention, she would not be testifying or seeking any relief in the form of a modified temporary order because she would no longer be a party to the case. Therefore, she would have no reason to object to the lack of notice. Based on the foregoing, we do not find merit to Nicole and Judge Arteaga's argument that by virtue of the motion to reconsider the motion to strike Michelle's intervention pending before the trial court that Michelle was on notice that a modification of the temporary orders was before the trial court.

■ Judge Arteaga further contends Michelle failed to preserve her complaint because her conclusory and general statement that she needed more time and would like to call witnesses was insufficient to put the trial court in the position of having adequate facts to address relator's complaint. However, the record clearly reveals Michelle objected to the lack of notice and hearing regarding the temporary orders. When Judge Arteaga first informed the parties she would be considering *sua sponte* whether to modify the temporary orders, Michelle's counsel responded, "Judge, there's no motion for temporary orders on file. We have no notice and that would be a very real violation to my client's right to due process—to conduct a temporary orders hearing today.... There's nothing in there about temporary orders. We're not ready for that....We are not prepared to proceed on that today." Counsel later reiterated, "We are not ready. We have received no notice. We have no witnesses." Clearly, the record reveals Michelle objected to the lack of notice and a proper hearing regarding the modification of temporary orders.

Finally, Judge Arteaga contends Michelle was afforded the opportunity to present evidence, and chose not to. However, without having notice that the existing temporary orders would be modified, Michelle was clearly not prepared to present such evidence regarding the safety and welfare of the child and to rebut Nicole's testimony in response to Judge Arteaga's questions. *See* TEX. FAM.CODE ANN. § 105.001(a), (b).

As a result of the foregoing, we conclude the trial court abused its discretion in failing to provide Michelle with notice prior to modifying the existing temporary orders. *See* TEX. FAM.CODE ANN. § 105.001(a), (b),

(h); *Herring*, 221 S.W.3d at 730. Accordingly, we do not find it necessary to address Michelle's remaining issues presented to this court.

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in modifying the existing temporary orders without notice and a hearing. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw the August 30, 2011 order modifying the existing temporary orders. The writ will issue only if the trial court fails to comply within fourteen days.

Concurring Opinion by: CATHERINE STONE, Chief Justice.

CATHERINE STONE, Chief Justice.

The record in this case reveals the Respondent's desire to do the right thing by a young mother and her child who is the subject of this litigation. The Respondent's laudable motives are not in question. However, achieving the goal of family reunification between mother and daughter is more apt to occur if the established rules of procedure and the applicable statutory mandates are followed. The failure to follow the most basic dictates of our legal system have had the unintended consequence of adding an additional layer of litigation to what appears to be an already tumultuous journey. The custody of K.R.A. is within the purview of the legal system for good reason, and the legal system, properly employed, will foster family reunification if it is the best interest of K.R.A.

In this case the legal system was not properly employed because the most basic of legal principles—due process notice—was not upheld. *See In re Houston Lighting & Power Co.*, 976 S.W.2d 671, 673 n. 17 (Tex.1998) (orig. proceeding) (listing notice as one of the basic elements of due process). Respondent dismisses the fundamental right to notice as a "technical rule[ ] of pleading and practice" that should not prevail over the best interest of the child. Likewise, the "trial court's wide discretion in determining the best interest of the child" is offered as a shield from the lack of notice. These contentions miss the mark at a very core level. Without notice of the issues to be addressed at a hearing, the parties cannot be prepared with the research and witnesses needed to test each party's contentions and ultimately to provide the proper answers to the issues. In this case, testimony elicited in response to the Respondent's direct questioning of the child's mother indicates the mother is on the path to successfully overcoming substance abuse problems. Hopefully the testimony is fully accurate, but it could be completely incorrect. No one knows the accuracy of the testimony because it is untested. And it is untested because none of the parties had notice that a change in temporary custody orders was even possible.

Despite Respondent's arguments to the contrary, the Relator's complaint about lack of notice was not waived. Relator's objections to proceeding without notice and without following local Bexar County rules were both numerous and sufficiently clear to inform Respondent of the nature of Relator's complaint. Respondent also notes that Relator was given the opportunity to call witnesses, but refused to do so. Respondent contends that such refusal is evidence of a waiver of Relator's complaint. Again, this argument misses the mark: Relator could not call witnesses to respond to an issue that she did not have notice would be litigated at the hearing.

Finally, Relator's contention that this court may not issue a writ of mandamus because no harmful error is found in the

record misconstrues the standard of review in a mandamus proceeding. The standard is well established: a writ will issue upon a showing of a clear abuse of discretion for which the relator has no adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). A clear abuse of discretion has been found by this court, with no adequate remedy by appeal to correct that abuse of discretion. That ends the inquiry, and the writ is properly issued.