

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-14-00755-CV

**IN RE** Oscar **BUSTOS**

Original Mandamus Proceeding[1]

Opinion by:   Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  December 23, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 29, 2014, relator Oscar Bustos filed this mandamus proceeding complaining the trial court abused its discretion by sua sponte issuing temporary orders in the underlying suit for modification of conservatorship, possession, and access. The challenged temporary orders changed the parent with the exclusive right to determine the primary residence of the children. Bustos complains the trial court's oral ruling is not supported by any written pleadings. We agree and conditionally grant mandamus relief.

**BACKGROUND**

Bustos and real party in interest, Erika Vasquez, were divorced in 2008. Under the final decree of divorce, Bustos and Vasquez were named joint managing conservators of their two

---

[1] This proceeding arises out of Cause No. 2007CI07181, styled *In the Interest of E.B. and O.S.B. II, Minor Children*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

children. In 2011, a modification of the final decree was entered continuing the parents as joint conservators and designating Bustos as the conservator with the exclusive right to determine the primary residence of the children. The 2011 Order granted Vasquez possession of and access to the children under a standard possession order. Vasquez was also ordered to pay child support to Bustos.

In August 2014, Vasquez took possession of the children and failed to return them to Bustos's care. On October 8, 2014, after unsuccessfully attempting to locate the children, Bustos filed an application for writ of attachment in an effort to have the children returned to him. Bustos also filed a motion to modify the existing conservatorship order in which he sought to be named the children's sole managing conservator and to have Vasquez's access to the children restricted. He also requested temporary orders while the modification was pending, including a temporary restraining order. A judge signed an ex parte temporary restraining order and an order directing the clerk to issue a writ of attachment. The order set a hearing for October 22 on Bustos's writ of attachment and request for temporary orders.

On October 22, Vasquez appeared at the courthouse with the children for the scheduled hearing. The writ of attachment was executed by a sheriff's deputy at that time, and the children were taken to a "safe room" located in the courthouse.

At the hearing, the judge and an amicus attorney each interviewed the children outside the presence of their parents.[2] During discussion between the court and the parties, Bustos's attorney repeatedly pointed out that the hearing was set on his writ of attachment and request for temporary orders, and that Vasquez had no pleadings on file. Based on the judge's questioning of the parties and interview of the children, and considering the recommendation of the amicus attorney, the

---

[2] It does not appear that a record of these interviews was made.

judge stated that she would deny Bustos's request for sole managing conservatorship, ordered the children to be placed with their mother, who was to enroll them in school, and gave Vasquez the exclusive right to determine the children's primary residence. The court suspended Vasquez's child support obligation and ordered Bustos to begin paying child support as of November 1. When Bustos's lawyer asked to clarify whether she would be permitted to call any witnesses, the trial judge decided to recess the hearing in the interest of time. The lawyer again objected on the record to the trial court's sua sponte orders.

The hearing was re-convened on the following day for the purpose of allowing Bustos to call witnesses. Bustos's counsel passed the request to call witnesses based on the trial court's rulings of the previous day.[3] At the conclusion of the hearing, the trial court issued an oral ruling "procedurally" granting Bustos's writ of attachment, but placing the children in the possession and primary care of Vasquez, appointing an amicus attorney, ordering supervised visitation for Bustos, ordering counseling for the children, and requiring Bustos to pay child support beginning in November.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840. Because temporary orders in a suit affecting a parent child

---

[3] We note that the trial court's sua sponte ruling stated on October 23 was the same ruling previously announced on October 22. Given the court's ruling on October 22, counsel for Bustos stated she had no reason to believe that witnesses were needed the following day when the hearing resumed.

relationship are not appealable, mandamus is an appropriate remedy when a trial court abuses its discretion. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding); *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding).

In this proceeding, Bustos contends the trial court abused its discretion by sua sponte modifying the 2011 Order designating him as the parent with the right to determine the primary residence of the children when there were no pleadings requesting or supporting such relief. Because of the lack of any pleadings requesting that Vasquez be given possession with the right to determine primary residence, Bustos asserts he was never put on notice of the need to present evidence necessary to the trial court's determination and to rebut Vasquez's testimony at the hearing.

In a suit affecting the parent child relationship, the trial court is authorized to make temporary orders for the safety and welfare of the children, including an order that modifies a prior temporary order. TEX. FAM. CODE ANN. §105.001(a) (West 2014). Such temporary orders may include an order for temporary conservatorship, support, or the payment of reasonable attorney's fees and expenses. TEX. FAM. CODE ANN. §105.001(a)(1), (2), (5) (West 2014). Such temporary orders may not include a temporary order which has the effect of changing the party with the right to determine primary residence during a pending modification, except in limited circumstances. *See* TEX. FAM. CODE ANN. § 156.006(b) (West 2014).

The challenged order in this proceeding is an order modifying an existing order for conservatorship, access, and support. Therefore, Bustos was entitled to notice and a full adversary hearing before the entry of temporary orders. TEX. FAM. CODE ANN. § 105.003(b) (West 2014) (providing for notice to parties whose rights and duties may be affected). The only matters set for hearing on October 22 were Bustos's application for writ of attachment and his motion for temporary orders seeking to limit Vasquez's possession of and access to the children. Vasquez had

not filed or served any pleading asking the court to give her temporary custody of the children or seeking to change the right to determine primary residence. *See In re Chester*, 357 S.W.3d 103, 107 (Tex. App.—San Antonio 2011, orig. proceeding).

The record reveals that Bustos repeatedly objected to the lack of notice at the hearing on October 22. When the hearing resumed the following day, the trial court stated on the record that Bustos was given the opportunity to call witnesses and present evidence at the hearing, but chose not to. Without proper notice that the existing orders might be modified to give Vasquez the right to determine primary residence, Bustos had no reason to be prepared to present evidence in his defense or to rebut Vasquez's testimony. *See Chester*, 357 S.W.3d at 107; *see also* TEX. FAM. CODE ANN. § 105.001(a), (b).

We conclude the trial court abused its discretion in entering the challenged temporary orders — which significantly modified the existing orders for conservatorship and access — without proper notice to Bustos and an opportunity for a full adversary hearing. *See* TEX. FAM. CODE ANN. § 105.001(a), (b), (h); *Chester*, 357 S.W.3d at 107; *Herring*, 221 S.W.3d at 730. Having concluded the trial court abused its discretion in entering the challenged orders on the basis of lack of notice, we do not find it necessary to address the remaining issues presented to this court.[4]

---

[4] The trial court stated her belief that, after interviewing the children, she could not return the children to Bustos because of a fear of abuse. While such an order may be permitted under section 156.006(b)(1) of the Texas Family Code, there must be pleadings and notice to support such an order. *See* TEX. FAM. CODE ANN. §§ 156.006(b)(1) (permitting a change in the exclusive right to determine primary residence when such an order is in the child's best interest and "is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development"). Alternatively, the proper authorities could have been contacted to report suspected abuse or neglect. *See* TEX. FAM. CODE ANN. § 261.101 (West 2014).

## CONCLUSION

Based on the foregoing analysis, we hold the trial court clearly abused its discretion in modifying the existing orders for conservatorship, access, and support, as well as the designation of the person with the right to determine the children's primary residence, without proper notice and a full evidentiary hearing. Accordingly, we conditionally grant the petition for writ of mandamus and order the trial court to withdraw its orders orally pronounced on October 22 and 23, 2014, modifying the existing 2011 Order governing conservatorship, possession, and access to the children. The writ will issue only if we are advised the trial court has failed to comply with this court's orders.

Catherine Stone, Chief Justice