

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-23-00017-CV**

**IN RE MICHAEL A. FARMER**

_____

**Original Proceeding**

_____

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 09-18394-CV**

---

## MEMORANDUM OPINION

---

In this suit to modify the parent-child relationship, relator, Michael A. Farmer, has filed a petition for writ of mandamus asserting that the trial court abused its discretion by reinstating the standard possession order and removing the requirement that Mother's access to the children be limited and supervised without providing notice or conducting a hearing. We conditionally grant relator's mandamus petition.

## Background

On January 11, 2013, the trial court signed an Order in Suit to Modify the Parent-Child Relationship (the "2013 Order"), which included orders for the parties' three children. Specifically, the 2013 Order awarded relator sole managing conservatorship of the three children and entered a modified standard possession order for real party in interest, Mother.

On November 8, 2016, relator filed a Petition to Modify the Parent-Child Relationship requesting that, among other things, the trial court require Mother's periods of possession be restricted and supervised. Mother responded by filing a Counterpetition to Modify the Parent-Child Relationship seeking the right to designate the primary residence of the children, as well as a modification of the terms and conditions for access to or possession of the children.

Thereafter, relator filed a motion for enforcement of the trial court's child-support order. On September 20, 2019, after a hearing, the trial court signed an order holding Mother in contempt for failing to comply with the trial court's child-support order. The trial court ordered Mother to be committed to the county jail for 180 days, suspended commitment to the county jail, placed Mother on probation for two years, and ordered her to pay back child support and reasonable attorney's fees incurred by relator.

Relator later learned that Mother had been arrested for allegedly injuring a child in her household. On February 24, 2020, relator filed a Motion to Revoke Suspension of

Commitment and Order to Appear, wherein relator alleged that, among other things, Mother had failed to pay back child support or her share of the medical expenses for the children. Relator moved that Mother's probation be revoked and that she be committed to county jail in accordance with the trial court's September 20, 2019 order.

On October 1, 2020, relator filed a second Motion to Modify Temporary Orders and Request for a Temporary Restraining Order based on Mother's arrest shortly before her scheduled period of possession. The same day, the trial court signed a temporary restraining order and set the matter for a hearing on October 15, 2020.

At the October 15, 2020 hearing, relator presented evidence regarding Mother's pending criminal charge, as well as the conditions at Mother's home. Based on the testimony presented at this hearing, the trial court ordered that Mother's possession of the children be supervised and limited to once a week for two hours at the Navarro County Child Advocacy Center. The trial court's ruling was memorialized in a letter ruling dated November 2, 2020; however, for some reason, the trial court did not sign an order memorializing the November 2, 2020 letter ruling until December 20, 2022.

Nevertheless, on October 20, 2021, the trial court conducted a hearing on Mother's failure to comply with the trial court's child-support orders. At this hearing, the parties only addressed Mother's failure to pay all ordered child support. Relator requested that Mother's probation be revoked and that she be committed to the Navarro County Jail. He also requested reasonable attorney's fees and costs.

On December 15, 2022, the trial court issued a letter ruling regarding Mother's failure to comply with her child-support obligations. In this letter ruling, the trial court sentenced Mother to 180 days in the Navarro County Jail and allowed her to complete her sentence within 365 days of the letter ruling or on a work release. She was also ordered to pay child-support arrearages, her current child-support obligations, and relator's attorney's fees. Importantly, the trial judge indicated that he had met with the children and that based on the most recent meeting, "the Court lifts the order that the children have supervised visitation at the Navarro County Child Advocacy Center."

After the trial court issued its December 15, 2022 letter ruling, Mother filed a Motion for Emergency Hearing to Reinstate the Standard Possession Order Prior to Christmas Break on December 19, 2022.[1] Mother requested an emergency hearing and that the trial court reinstate the standard possession order for her to exercise her Christmas holiday possession. Without notice or a hearing, the trial court issued a letter ruling on December 21, 2022, stating the following:

> There is no need for an emergency hearing. The Court intended in its December 15, 2022 ruling that the possession scheduled would revert back to the January 11, 2013 Order in Suit to Modify Parent-Child Relationship. This memorandum ruling shall not be considered as an order or findings of fact and conclusions of law, but shall have the same effect as if orally pronounced in open court.

---

[1] In her Motion for Emergency Hearing to Reinstate the Standard Possession Order Prior to Christmas Break, Mother indicated that Chapter 105 of the Texas Family Code applies. *See generally* TEX. FAM. CODE ANN. §§ 105.001-.009. Indeed, she specifically mentioned that pursuant to section 105.004 of the Texas Family Code, the trial court may give precedence to her request for a hearing on this motion. *See id.* § 105.004.

In response to the trial court's December 21, 2022 letter ruling, relator filed this petition for writ of mandamus seeking to compel the trial court to vacate its December 21, 2022 letter ruling and conduct an evidentiary hearing on Mother's December 19, 2022 Motion for Emergency Hearing to Reinstate the Standard Possession Order Prior to Christmas Break. We requested a response to relator's mandamus petition from Mother and Respondent. No response has been filed.

**The Mandamus Standard**

To obtain mandamus relief, a relator must generally show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for review. *See In re Derzapf*, 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding); *In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding); *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

**Analysis**

In a suit affecting the parent-child relationship, the trial court may make a temporary order for the safety and welfare of the child, including an order modifying a prior temporary order. TEX. FAM. CODE ANN. § 105.001(a). Specifically, section 105.001(a) of the Texas Family Code provides that, in a suit affecting the parent-child relationship, a trial court may make a temporary order for the child's safety and welfare, including an order (1) for the temporary conservatorship of the child, (2) for the temporary support of the child, (3) to restrain a party from disturbing the peace of the child or another party, (4) to prohibit a person from removing the child beyond a geographical area identified by the court, or (5) for payment of reasonable attorney's fees and expenses. *Id.* Other than an emergency order sought by a governmental entity, an order may not be rendered under section 105.001(a)(1), (2), or (5) except after notice and a hearing. *Id.* § 105.001(b), (h); *see In re L.A.-K.*, 596 S.W.3d 387, 396 (Tex. App.—El Paso 2020, no pet.) (concluding that Chapter 105, rather than Chapter 156, of the Texas Family Code applies to a challenge to temporary orders denying a Father access to and possession of the child without giving him notice and an opportunity to be heard); *In re Chester*, 357 S.W.3d 103, 107 (Tex. App.—San Antonio 2011, orig. proceeding) (noting that a parent is entitled to notice and an adversary hearing before entry of a temporary order modifying custody); *In re K.L.R.*, 162 S.W.3d 291, 301 (Tex. App.—Tyler 2005, no pet.).

Here, the trial court's December 21, 2022 letter ruling is an order modifying a prior temporary order. *See* TEX. FAM. CODE ANN. § 105.001(a). Therefore, relator was entitled to a notice and an adversary hearing before entry of a new temporary order modifying the custody of the children in this case. *See id.* § 105.001(a)-(b), (h); *see also In re Chester*, 357 S.W.3d at 107; *In re Herring*, 221 S.W.3d 729, 730 (Tex. App.—San Antonio 2007, orig. proceeding); *In re K.L.R.*, 162 S.W.3d at 301. The mandamus record before us shows that the trial court did not provide notice that the existing temporary orders would be modified or conduct a hearing on Mother's Motion for Emergency Hearing to Reinstate the Standard Possession Order Prior to Christmas Break before granting the relief request by Mother.[2] As such, relator was deprived of the opportunity to present evidence regarding the safety and welfare of the child and to rebut Mother's request to reinstate the standard possession order. Accordingly, we conclude that the trial court abused its discretion by failing to provide the parties with notice and a hearing on Mother's request to reinstate the standard possession order before modifying the existing temporary orders. *See* TEX. FAM. CODE ANN. § 105.001(a), (b), (h); *see also In re Chester*, 357 S.W.3d at 107; *In re Herring*, 221 S.W.3d at 740; *In re K.L.R.*, 162 S.W.3d at 301. We sustain relator's sole issue in his mandamus petition.

---

[2] And to the extent that the trial court mentioned in its December 21, 2022 letter ruling that the intent of the prior December 15, 2022 was to revert the possession schedule to the schedule outlined in the 2013 Order, we note that the December 15, 2022 letter ruling appears to be the result of the October 20, 2021 hearing where only child support, not the visitation schedule, was litigated. If this is somehow incorrect, both real party in interest and the respondent were given the opportunity to respond to relator's mandamus petition, and neither did so.

## Conclusion

Based on the foregoing, we conditionally grant relator's petition for writ mandamus. The trial court is ordered to withdraw the December 21, 2022 letter ruling modifying the existing temporary orders. The writ will issue only if the trial court fails to comply within fourteen days.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Conditionally granted
Opinion delivered and filed March 1, 2023
[OT06]

